**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIERA DICKERSON,

Plaintiff,

v.

TENET HEALTHCARE, INC., et al.,

Defendants.

Case No. 2:25-cv-13877

(Removal from: The Circuit Court for the County of Wayne, Case No. 25-017735-NO)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441,1446, and 1332 and with full reservation of all rights and defenses, Defendants Tenet Healthcare, Inc. ("Tenet"), VHS of Michigan, Inc. ("the DMC"), and VHS Sinai-Grace Hospital, Inc. ("Sinai-Grace") (collectively, "the Hospital Defendants") give notice of the removal of this action from the Circuit Court of Michigan for the County of Wayne to the United States District Court for the Eastern District of Michigan. This Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In support of removal, the Hospital Defendants state as follows:

## BACKGROUND

1. On November 7, 2025, Plaintiff Tiera Dickerson ("Plaintiff") filed a Class Action Complaint and Jury Demand in the Circuit Court for the County of

Wayne, captioned *Tiera Dickerson v. Tenet Healthcare, Inc., VHS of Michigan, Inc., VHS Sinai-Grace Hospital, Inc., and Wilfredo Figueroa-Berrios*, Case No. 25-017735-NO (the "State Court Action").

2. The Hospital Defendants were served with the Summons and Complaint on November 11, 2025. The Summons is attached as Exhibit A. The Complaint is attached as Exhibit B.

3. Plaintiff purports to bring this action individually and on behalf of a putative class of similarly situated persons, asserting claims arising from alleged criminal activity of a nurse who was formerly employed at DMC Sinai-Grace Hospital. Ex. B, Compl., at 2.

4. Plaintiff seeks to hold the Hospital Defendants liable for nurse Wilfredo Figueroa-Berrios's alleged sexual assault of patients, asserting various claims under Michigan law, including negligent hiring/retention/supervision, negligent failure to train, invasion of privacy, intentional infliction of emotional distress, fraud, civil conspiracy, premises liability, vicarious liability, and statutory claims under Michigan's Elliott Larsen Civil Rights Act. *Id.* ¶¶ 84–228.

5. Plaintiff seeks certification of a class, damages, exemplary damages, attorneys' fees, costs, and other relief. *Id.*

6. The Hospital Defendants deny all liability and damages, and they further deny that Plaintiff may obtain certification of a class under Rule 23 of the

Federal Rules of Civil Procedure or any class action procedural device.

## GROUNDS FOR REMOVAL

### I. REMOVAL IS TIMELY

7. This Notice of Removal is filed within 30 days after Hospital Defendants were served with the Summons and Complaint on November 11, 2025. *See* Ex. B; *see also supra* ¶ 2.

8. Removal of this action is therefore timely under 28 U.S.C. § 1446(b).

### II. THIS COURT HAS JURISDICTION UNDER CAFA

9. CAFA reflects Congress's intent to have federal courts adjudicate substantial class actions. *See* S. Rep. 109–14, at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 41; H. Rep. 108-144, at 36–37 (2005).

10. To effectuate this purpose, CAFA provides that putative class actions filed in state court are removable to federal court, and it expands federal jurisdiction over such cases by amending 28 U.S.C. § 1332 to grant original jurisdiction over class actions where, as here, there is minimal diversity, the putative class contains at least 100 class members, and the amount in controversy exceeds $5,000,000 in the aggregate for the proposed class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

11. By design, CAFA "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating*

*Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Thus, "by borrowing the familiar 'short and plain statement' standard from Rule 8(a)," Congress "intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* at 87 (quoting H.R. Rep. No. 100-889, at 71 (1988)).

12. Accordingly, when a defendant seeks removal under CAFA, its notice need only "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

13. This putative class action satisfies all the jurisdictional requirements under CAFA. Specifically, based on the allegations in the Complaint, the attached Articles of Incorporation ("Exhibit C"), and the amount in controversy, (1) the parties are minimally diverse; (2) the proposed class consists of 100 or more members; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; and (4) the primary defendants are not States, State officials, or other governmental entities.

**A. The Parties are Minimally Diverse**

14. The first CAFA requirement—that the parties be minimally diverse—is satisfied because a least one putative class member is a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant").

15. Here, Plaintiff Tiera Dickerson alleges that she is and has been, at all relevant times, a resident of the State of Michigan. Ex. B, Compl. ¶ 1.

16. Plaintiff alleges that the putative class consists of "All female persons who are Michigan citizens as of the date of the filing of [the] Complaint who were sexually assaulted and/or sexually harassed by Defendant Berrios at DMC Sinai-Grace Hospital[.]" *Id.* ¶ 86.

17. Defendant Tenet Healthcare, Inc., is a Nevada corporation, headquartered in Texas. *See id.* ¶ 2. A true and correct copy of Tenet Healthcare Corporation's Articles of Incorporation are attached hereto and incorporated herein as Exhibit C.

18. Defendant Tenet Healthcare, Inc., is thus a citizen of both Nevada and Texas. *See* 28 U.S.C. § 1332(c)(1); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629 (6th Cir. 1992) ("A corporation is deemed a citizen of any state by which it has been incorporated, and of any state in which its principal place of business is located.").

19. Accordingly, because there is at least minimal diversity between the parties, the first CAFA requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2).

**B. The Putative Class Size Exceeds 100 Members**

20. The second CAFA requirement—that the putative class consist of at least 100 members—is also met here.

21. Plaintiff seeks certification of the following putative class: "All female persons who are Michigan citizens as of the date of the filing of [the] Complaint who were sexually assaulted and/or sexually harassed by Defendant Berrios at DMC Sinai-Grace Hospital . . . ." Ex. B, Compl. ¶ 86.

22. Plaintiff alleges that "the exact number of Class Members is uncertain at this time . . . [but] the real number of putative class members is most likely in the thousands of members." *Id.* ¶ 87.

23. Based on the allegations in the Complaint, the proposed class comprises 100 or more members. *See, e.g., Aelstein v. Walmart, Inc.*, No. 23-cv-00067, 2023 WL 5607457, at *3 (N.D. Ohio August 30, 2023) (finding that when a plaintiff explicitly asserts in her complaint that the putative class meets CAFA's numerosity requirements, defendants are entitled to rely on this fact as an admission in favor of federal jurisdiction).

### C. The Amount in Controversy Exceeds $5,000,000

24. The third CAFA requirement—the minimum amount in controversy—is also met.

25. The amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

26. Under CAFA, the claims of individuals comprising a putative class are aggregated. *Id.* § 1332(d)(6).

27. A notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

28. Similarly, Eastern District of Michigan Local Rule 81.1(b) provides: "The removing defendant must … allege in the notice of removal that the amount in controversy exceeds the required jurisdictional amount, and … set forth the facts or other reasons that the removing defendant possesses that support that allegation[.]"

29. Once a defendant points to an adequate jurisdictional amount, the case belongs in federal court unless the plaintiff demonstrates to a legal certainty that "[Plaintiff's] claim, as aggregated, does not meet the $5 million amount in controversy requirement[.]" *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 409 (6th Cir. 2008).

30. And when determining the amount in controversy, courts may consider actual damages, punitive damages, and statutory attorney fees. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (punitive damages); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) (attorney fees); *Pa. R.R. Co. v. City of Girard*, 210 F.2d 437, 439 (6th Cir. 1954) (injunction-related costs).

31. Here, Plaintiff seeks compensatory damages, exemplary damages, and attorneys' fees, among other relief, on claims including negligent

hiring/retention/supervision, negligent failure to train, invasion of privacy, intentional infliction of emotional distress, fraud, civil conspiracy, premises liability, vicarious liability, and statutory claims under Michigan's Elliott Larsen Civil Rights Act, all premised on alleged systemic failures and repeated assaults over multiple years. Ex. B, Compl. ¶¶ 95–228.

32. Plaintiff also seeks class-wide relief and pleads an "amount in controversy exceed[ing] One Hundred Million Dollars ($100,000,000.00)." *Id.* at 9.

33. Even setting aside Plaintiff's express damages request, and based on the nature of the alleged harms, the number of asserted victims, and categories of potentially recoverable damages alleged (including emotional distress, medical and psychological treatment, exemplary damages under Michigan law, and statutory attorneys' fees), the aggregated amount in controversy for the proposed class exceeds $5,000,000.

34. Accordingly, CAFA's $5,000,000 amount-in-controversy requirement is satisfied.

**D. The Primary Defendant Is Not a State, State Official, or Government Entity**

35. CAFA also requires that the primary defendant not be a state, state official, or other governmental entity against whom the district court may be foreclosed from ordering relief. 28 U.S.C. § 1332(d)(5)(A).

36. No named Defendant in this matter is a State, State Official, or Government Entity. *See* Ex. B, Compl. ¶¶ 2–4.

## VENUE

37. The Hospital Defendants file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) in the United States District Court for the Eastern District of Michigan because the state court in which the action is pending, the Circuit Court for the County of Wayne, is within this federal judicial district.

38. Plaintiff has also alleged that a substantial part of the events or omissions giving rise to their alleged claims occurred within this federal judicial district. Ex. B, Compl. ¶ 8.

39. Venue is therefore proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(2) and 1441(a).

## PROCESS, PLEADINGS, AND ORDERS SERVED

40. In accordance with 28 U.S.C. § 1446(a), copies of the pleadings, court orders, and the docket in the State Court Action are attached as Exhibit D. Plaintiff did not file a separate jury demand in state court. Plaintiff's jury demand is located on page 39 of the Complaint.

## NOTICE OF REMOVAL

41. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice, Hospital Defendants will give written notice thereof to all adverse parties,

and will file a copy of the notice with the clerk of the Circuit Court of Wayne County, Michigan.

## NO WAIVER

42. No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are reserved.

43. The Hospital Defendants reserve the right to amend this Notice of Removal. If any questions arise as to the propriety of removal of this action, the Hospital Defendants respectfully reserve and request the right to submit briefing, argument, and additional evidence as necessary to support removal of this case.

## CONCLUSION

For the reasons set forth above, the Hospital Defendants remove this action to the United States District Court for the Eastern District of Michigan.

Date: December 3, 2025

Respectfully submitted,

*/s/ Louis P. Gabel*

Louis P. Gabel (P80365)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, Michigan 48226
Telephone: (313) 733-3939
lpgabel@jonesday.com

*Attorney for the Hospital Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was served on the following on December 3, 2025, via email and U.S. mail:

**FIEGER, FIEGER, KENNY & HARRINGTON**
James J. Harrington, IV (P65351)
Robert G. Kamenec (P35283)
Gregory W. Wix (P65424)
Matthew A. Piccirilli (P76550)
Paul G. Huebner (P78139)
19390 W. 10 Mile Road
Southfield, Michigan 48075
(248) 355-5555
m.piccirilli@fiegerlaw.com
*Attorneys for Plaintiff*

I hereby certify that a copy of the foregoing Notice of Removal was served on the following on December 3, 2025, via U.S. mail:

Wilfredo Figueroa-Berrios
*Defendant*

Date: December 3, 2025

*<u>/s/ Louis P. Gabel</u>*
Louis P. Gabel (P80365)
*Attorney for the Hospital Defendants*

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Wayne, MI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dickerson, Tiera

**(b)** County of Residence of First Listed Plaintiff: Wayne, MI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fieger, Fieger, Kenney and Harrington, P.C.
Matthew A. Piccirilli (m.piccirilli@fiegerlaw.com) (248-355-5555)
Paul G. Huebner (p.huebner@fiegerlaw.com)

## DEFENDANTS

Tenet Healthcare, Inc.
VHS of Michigan, Inc.
VHS Sinai-Grace Hospital, Inc.

County of Residence of First Listed Defendant: Dallas, TX and Washoe, NV
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Jones Day
Louis P. Gabel (lpgabel@jonesday.com) (313-230-7955)
Stephen Cowen (scowen@jonesday.com) (313-230-7954)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☒ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 USC 1332(d)

Brief description of cause:
Class Action Fairness Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 100,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE Kevin J. Cox DOCKET NUMBER 25- 016187-NO

DATE
December 3, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Louis P. Gabel

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________

Case No.: ______________________

Judge: ______________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☒ Yes
☐ No

If yes, give the following information:

Court: Wayne County (removed to fed ct in conjunction)

Case No.: 25- 016187-NO

Judge: Kevin J. Cox

Notes : Other class action and individual cases pending in Wayne County related to this matter.